# WACHTELL, LIPTON, ROSEN & KATZ

| | | | | |
|---|---|---|---|---|
| MARTIN LIPTON | STEPHANIE J. SELIGMAN | 51 WEST 52ND STREET | RACHELLE SILVERBERG | JOHN F. LYNCH |
| HERBERT M. WACHTELL | JOHN F. SAVARESE | NEW YORK, N.Y. 10019-6150 | DAVID C. BRYAN | WILLIAM SAVITT |
| BERNARD W. NUSSBAUM | SCOTT K. CHARLES | TELEPHONE: (212) 403-1000 | STEVEN A. COHEN | ERIC M. ROSOF |
| LAWRENCE B. PEDOWITZ | DAVID S. NEILL | FACSIMILE: (212) 403-2000 | GAVIN D. SOLOTAR | MARTIN J.E. ARMS |
| PAUL VIZCARRONDO, JR. | JODI J. SCHWARTZ | | DEBORAH L. PAUL | GREGORY E. OSTLING |
| PETER C. HEIN | ADAM O. EMMERICH | | DAVID C. KARP | DAVID B. ANDERS |
| HAROLD S. NOVIKOFF | GEORGE T. CONWAY III | GEORGE A. KATZ (1965-1989) | RICHARD K. KIM | ADAM J. SHAPIRO |
| KENNETH B. FORREST | RALPH M. LEVENE | JAMES H. FOGELSON (1967-1991) | JOSHUA R. CAMMAKER | NELSON O. FITTS |
| MEYER G. KOPLOW | RICHARD G. MASON | | MARK GORDON | JEREMY L. GOLDSTEIN |
| THEODORE N. MIRVIS | DOUGLAS K. MAYER | OF COUNSEL | JOSEPH D. LARSON | JOSHUA M. HOLMES |
| EDWARD D. HERLIHY | MICHAEL J. SEGAL | | LAWRENCE S. MAKOW | DAVID E. SHAPIRO |
| DANIEL A. NEFF | DAVID M. SILK | | JEANNEMARIE O'BRIEN | DAMIAN G. DIDDEN |
| ERIC M. ROTH | ROBIN PANOVKA | WILLIAM T. ALLEN     ERIC S. ROBINSON | WAYNE M. CARLIN | ANTE VUCIC |
| ANDREW R. BROWNSTEIN | DAVID A. KATZ | PETER C. CANELLOS    PATRICIA A. ROBINSON* | JAMES COLE, JR. | IAN BOCZKO |
| MICHAEL H. BYOWITZ | ILENE KNABLE GOTTS | DAVID M. EINHORN     LEONARD M. ROSEN | STEPHEN R. DiPRIMA | MATTHEW M. GUEST |
| PAUL K. ROWE | DAVID M. MURPHY | THEODORE GEWERTZ     MICHAEL W. SCHWARTZ | NICHOLAS G. DEMMO | DAVID E. KAHAN |
| MARC WOLINSKY | JEFFREY M. WINTNER | RICHARD D. KATCHER   ELLIOTT V. STEIN | IGOR KIRMAN | DAVID K. LAM |
| DAVID GRUENSTEIN | TREVOR S. NORWITZ | THEODORE A. LEVINE   WARREN R. STERN | JONATHAN M. MOSES | BENJAMIN M. ROTH |
| STEPHEN G. GELLMAN | BEN M. GERMANA | ROBERT B. MAZUR      PATRICIA A. VLAHAKIS | T. EIKO STANGE | JOSHUA A. FELTMAN |
| STEVEN A. ROSENBLUM | ANDREW J. NUSSBAUM | PHILIP MINDLIN       J. BRYAN WHITWORTH | DAVID A. SCHWARTZ | |
| | | ROBERT M. MORGENTHAU AMY R. WOLF | | |

\* ADMITTED IN THE DISTRICT OF COLUMBIA

COUNSEL

MICHELE J. ALEXANDER   NANCY B. GREENBAUM
LOUIS J. BARASH        MAURA R. GROSSMAN
DIANNA CHEN            IAN L. LEVIN
ANDREW J.H. CHEUNG     J. AUSTIN LYONS
PAMELA EHRENKRANZ      AMANDA N. PERSAUD
ELAINE P. GOLIN        HOLLY M. STRUTT
PAULA N. GORDON

Direct Dial: (212) 403-1235
Direct Fax: (212) 403-2235
E-Mail: jfsavarese@wlrk.com

March 10, 2011

BY E-FILING &
BY HAND DELIVERY

Honorable Burton R. Lifland
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

        Re:    *Picard* v. *JPMorgan Chase & Co. et al.*, Adv. Pro. No. 10-4932

Dear Judge Lifland:

        We are counsel to defendants JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., J.P. Morgan Securities LLC and J.P. Morgan Securities Ltd. (together, "JPMorgan"). In response to this Court's Order dated March 4, 2011, this letter is respectfully submitted on behalf of JPMorgan in support of maintaining the confidentiality of certain information contained within the Complaint filed in this adversary proceeding.

        **I.**    **Introduction**

        The public version of the Trustee's Complaint against JPMorgan is almost entirely unredacted. The sum and substance of the Trustee's allegations — including his factual assertions, theories of the case, and twenty-one causes of action — are fully available and accessible to the public. Indeed, there already has been extensive press coverage of the Trustee's allegations in the Complaint. With respect to the few words that remain redacted, there is a strong

Honorable Burton R. Lifland
March 10, 2011
Page 2

interest in maintaining these redactions. The redacted information includes proprietary information about JPMorgan's anti-money laundering ("AML") and know-your-customer ("KYC") programs and the names of certain employees who worked at JPMorgan but who were not named as defendants in this litigation. The parties negotiated these limited redactions to protect the proper functioning of these programs and the privacy of the employees, and the disclosure of the redacted information could damage these programs and unfairly stigmatize the named individuals, none of whom is a "public figure."

There is no countervailing public interest in disclosing the redacted information. The public can fully and fairly evaluate the Trustee's claims without this information and, as discussed below, the public will also be able to evaluate the Court's adjudication of this matter without the redacted information. Accordingly, JPMorgan respectfully submits that any motion by NBC or other parties to lift these limited remaining redactions should be denied.

**II.**     **Background**

The Complaint in this action was filed under seal on December 2, 2010, following a year of extensive Rule 2004 discovery. After the Complaint was filed, counsel for JPMorgan and counsel for the Trustee engaged in discussions concerning redactions to be made to the Complaint prior to its public filing.

Initially, counsel for JPMorgan proposed a limited set of redactions to the Complaint that were designed to protect the disclosure of two primary types of non-public information: (1) proprietary and commercially sensitive business information, including descriptions of policies and manuals relating to JPMorgan's AML and KYC programs; and (2) the identities of nonparty individuals mentioned in the Complaint (as well as portions of their titles where such titles would be sufficient to identify the individual). After meeting and cooperatively discussing these proposed redactions and related documents, the Trustee and JPMorgan agreed upon a set of negotiated redactions. JPMorgan believed that these redactions would suffice to protect its sensitive, non-public information and would help protect the privacy and well-being of the relevant employees. On February 3, 2011, the Trustee publicly filed a redacted version of the Complaint. Days later, the Trustee publicly filed in unredacted form the five exhibits to the Complaint.

Following the public filing of the Complaint, the parties have continued to engage in good faith discussions to determine whether additional portions of the Complaint could be unredacted without compromising JPMorgan's proprietary and strategic information. As a result of these discussions and as represented to the Court in the Trustee's letters dated February 16 and 23, 2010, the parties agreed that certain additional material that was initially redacted would be unredacted. With those redactions lifted, on a word-to-word basis, almost 99% of the Complaint and its exhibits are currently publicly available in unredacted form.

The Trustee has indicated that it agrees with the need to redact certain information in the Complaint. Likewise, Your Honor indicated, during the conference held on February 24,

WACHTELL, LIPTON, ROSEN & KATZ

Honorable Burton R. Lifland
March 10, 2011
Page 3

2011, that it is appropriate and in the public interest to redact information concerning banks' AML and KYC policies and procedures.

### III. Legal Standard

As set forth in 11 U.S.C. § 107(b), "[o]n request of a party in interest, the bankruptcy court shall . . . (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title." In addition, the Court "for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property: (A) Any means of identification (as defined in section 1028(d) of title 18) contained in a paper filed, or to be filed, in a case under this title[; or] (B) Other information contained in a paper described in subparagraph (A)." 11 U.S.C. § 107(c)(1).[1]

### IV. Argument

Most of the information redacted from the publicly filed Complaint concerns the manner in which JPMorgan monitors for money laundering and implements its KYC systems and procedures. It is beyond reasonable dispute that this information is confidential and subject to protection under 11 U.S.C. § 107(b); it is precisely the type of information courts have routinely protected from public disclosure.[2] Indeed, the Trustee has indicated that he does not dispute the need to redact this information, and this Court noted at the February 24 conference that it believes AML materials are an appropriate area for protection.[3]

---

[1] The term "means of identification" is defined in 18 U.S.C. § 1028 to include "any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual."

[2] *See, e.g.*, *Bank of N.Y.* v. *Meridien BIAO Bank Tanz., Ltd.*, 171 F.R.D. 135, 144 (S.D.N.Y. 1997) ("It is clear that the materials at issue here may be subject to a protective order. The Disputed Documents are various manuals that fall within a broad spectrum of internal corporate documents that courts regularly hold to be confidential business information."); *Tonnemacher* v. *Sasak*, 155 F.R.D. 193, 194 (D. Ariz. 1994) ("[I]nternal manuals are highly confidential and constitute proprietary trade secrets.").

[3] Notwithstanding this Court's view, it is unclear from NBC's correspondence whether it nonetheless intends to move to unseal the Complaint in its entirety. Accordingly, JPMorgan respectfully notes that anti-money laundering materials, in particular, have been recognized by courts in the Southern District of New York as properly maintained as confidential. *See Dubai Islamic Bank* v. *Citibank*, 211 F. Supp. 2d 447, 449 & n.1 (S.D.N.Y. 2001). Not only is this information proprietary, but there is also a substantial public policy reason for not permitting public dissemination of information concerning JPMorgan's anti-money laundering programs. Under various federal laws, banks are generally required to maintain anti-money laundering programs — in part to combat money laundering and also to fight terrorism. If the content of these programs were disclosed, would-be money launderers and terrorists would essentially have a roadmap for evasion. As the Second Circuit has recognized, nondisclosure is proper when necessary to prevent impairment of "national interests" and security. *See United States* v. *Aref*, 533 F.3d 72, 82 (2d Cir. 2008).

WACHTELL, LIPTON, ROSEN & KATZ

Honorable Burton R. Lifland
March 10, 2011
Page 4

The remaining redactions concern names of a small number of individual employees of JPMorgan. None of these individuals is named by the Trustee as a defendant in any adversary proceeding and none is charged with any misconduct. As the Second Circuit has recognized, "[u]nlimited access to every item turned up in the course of litigation would be unthinkable. Reputations would be impaired, personal relationships ruined, and businesses destroyed on the basis of misleading or downright false information." *United States* v. *Amodeo*, 71 F.3d 1044, 1048-49 (2d Cir. 1995). And of course, the right of access to court documents recognized at common law and under the First Amendment is not absolute. *See Nixon* v. *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). Accordingly, when considering whether to protect certain information in judicial filings from disclosure, courts apply a balancing test and consider, *inter alia*, (i) whether public access to the materials at issue is likely to impair in a material way the performance of Article III functions, and (ii) whether countervailing privacy interests or other higher values counsel in favor of nondisclosure. *See Lugosch*, 435 F.3d at 119-124.

First, the performance of the judicial function will not be impaired if the individual non-defendants' identities remain protected from public disclosure. At this stage, the Court is not even being asked to evaluate the sufficiency of the pleading or to rule in any way on the merits of this case. Nondisclosure of individual names is especially appropriate where, as here, there is "no evidence that the identities" of those individuals "directly affect the adjudication" of matters before the Court. *Caxton Int'l Ltd.* v. *Reserve Int'l Liquidity Fund*, 2009 WL 2365246, at *7 (S.D.N.Y. July 30, 2009) (citation omitted).[4]

In addition, the public's ability to "monitor" the judicial proceedings is equally unimpaired. *See Lugosch*, 435 F.3d at 119 (monitoring of the judicial function "is not possible without access to testimony and documents that are used in the performance of Article III functions"). Here, the merits of the Complaint can be fully and fairly assessed and adjudicated without revealing the names of the relevant individuals. In fact, these individuals' roles and positions at JPMorgan are disclosed — and *not redacted* — in the publicly filed Complaint (except where redaction of a portion of an employee's unique position is necessary to protect that individual's identity). Thus, to the extent that an individual's seniority or job function could be relevant for purposes of evaluating the sufficiency or ultimate merit of the Trustee's allegations, those facts are fully available to this Court and to the public. Meaningful judicial and public assessment of the Complaint, therefore, is entirely possible without regard to whether a given employee's name is Joe, Bob, Sally, or "JPMorgan Employee #4." *See, e.g.*, *In re Savitt/Adler Litig.*, 1997 WL 797511, at *3 (N.D.N.Y. Dec. 23, 1997) (finding only a weak presumption of public access to names and identifying details where other relevant information about the employees was available). The redactions are narrowly tailored, and overall, *99% of the words in the Complaint* are available to this Court, the public, and the press.

---

[4] If at some point the Court determines that the identities of one or more individuals are important to some judicial determination, it would, of course, have discretion at that point to revisit the issue and consider whether the relevant names should be disclosed.

Second, privacy interests here also counsel against disclosure. The individual JPMorgan employees identified by name in the Complaint are private citizens and not elected public officials or "public figures" in any sense. *See Gertz* v. *Robert Welch, Inc.*, 418 U.S. 323, 345 (1974) ("More commonly, those classed as public figures have thrust themselves to the forefront of particular public controversies in order to influence the resolution of the issues involved."); *see also Amodeo*, 71 F.3d at 1050-51 ("[t]he privacy interests of innocent third parties…should weigh heavily in a court's balancing equation") (citations omitted). However, due to the sensational nature of the allegations in this Complaint and the intense media scrutiny surrounding this lawsuit — set against the backdrop of the largest Ponzi scheme in history — there is a substantial risk that the individuals named in the Complaint will be unfairly stigmatized or harassed if their names should become public. *See Amodeo*, 71 F.3d at 1051 ("Courts have long declined to allow public access simply to cater 'to a morbid craving for that which is sensational'") (citation omitted). Moreover, given the extensive press coverage and intense degree of public interest in high-profile cases such as this one, individuals named in connection with the action may be subjected to harassment and even threats. It is difficult to imagine a more appropriate case for Section 107(b) protection.

Nor is there any overarching public interest in revealing the identities of these private individuals. The *only* purpose that would be served by revealing their identities would be to subject them and their families to harassment, threats, and stigma. As one federal court aptly observed, in circumstances such as this, redaction of the non-party names will "prevent[] the use of court files for improper purposes, such as promoting public scandal." *Bolla* v. *Univ. of Haw.*, 2010 WL 5388008, at *1 (D. Haw. Dec. 16, 2010); *see also DISH Network, L.L.C.* v. *Sonicview USA, Inc.*, 2009 WL 2579052, at *2 (S.D. Cal. Aug. 20, 2009) (permitting redactions of names based on "compelling reasons," including that disclosure would put such individuals' safety at risk, and noting that disclosure of names "serves no important public purpose" where publicly filed material is "sufficient to put the motion and the court's ruling in context sufficiently to serve the public interest in understanding the judicial process").[5]

Time and again, courts in this Circuit and elsewhere have recognized that it is appropriate and prudent to protect from disclosure the identities of individuals who are not parties to the suit. *E.g.*, *Caxton*, 2009 WL 2365246, at *6; *Wood* v. *FBI*, 432 F.3d 78, 88-89 (2d Cir. 2005) (applying balancing test and holding, with respect to the names of individual investigative personnel, that public's interest in learning identity of individuals was minimal when compared with the "interest against possible harassment and embarrassment"); *Druck Corp.* v. *The Macro Fund (US) Ltd.*, 2002 WL 31415699, at *1 (S.D.N.Y. 2002) (directing parties to file motion papers under seal and to file public copies containing "deletions necessary to protect the identity" of certain individuals); *Prof. Sound Servs.* v. *Guzzi*, 2003 WL 22097500, at *1 (S.D.N.Y. Sept. 10, 2003), *aff'd*, 159 Fed. Appx. 270 (2d Cir. 2005) (observing that plaintiff had filed amended

---

[5] *Cf. Duling* v. *Gristede's Operating Corp.*, 266 F.R.D. 66, 72-73 (S.D.N.Y. 2010) ("[C]ourts have generally characterized personnel files as confidential and found it appropriate to enter protective orders governing their use in litigation because of the inherent potential for harm or embarrassment if the information they contain is revealed.").

complaint under seal "to keep confidential" certain names and thereafter filed a public redacted version "deleting" those names).

Here, redaction of the identities of JPMorgan employees will protect the strong privacy interest of non-parties while still enabling the public and press to access and assess the allegations in the Complaint and the basis for any judicial ruling.

\* \* \*

For the foregoing reasons, JPMorgan respectfully requests that this Court maintain the limited redactions that appear in the publicly filed Complaint, which are necessary to protect the proper functioning of JPMorgan's security programs and the privacy of its employees. We would be pleased to provide further submission or present oral arguments should Your Honor find it necessary or helpful.

Respectfully Submitted,

John F. Savarese

Cc: David Sheehan (by e-mail)
Daniel Kummer (by e-mail)
George Freeman (by e-mail)